IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

**STATE OF TENNESSEE v. TRAVIS DAVISON**

**Appeal from the Criminal Court for Shelby County**
**No. 0706894     John Wheeler Campbell, Judge**

_____

**No. W2015-00448-CCA-R3-CD  -  Filed November 13, 2015**

_____

The Petitioner, Travis Davison, appeals the trial court's denial of his motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. The State has filed a motion requesting that this court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROGER A. PAGE, JJ., joined.

Steven C. Bush, District Public Defender; Tony N. Brayton, Assistant Public Defender (on appeal); and John Zastrow, Assistant Public Defender (at hearing), for the Appellant, Travis Davison.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Kirby May, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

In 2007, the Petitioner was indicted for one count of possession of one-half ounce or more of marijuana with the intent to sell and one count of possession of one-half ounce or more of marijuana with the intent to deliver, Class E felonies. See T.C.A. § 39-17-417(g)(1). On January 4, 2008, the Petitioner pleaded guilty to possession of marijuana with the intent to sell, and the remaining count was dismissed. The judgment reflects that the Petitioner was sentenced for a Class E felony to eighty-five days as a time-served settlement.

On August 22, 2011, the Petitioner filed a "motion for correction of clerical error, or clarification of judgment pursuant to Rule 36 Tennessee Rules of Criminal Procedure." The Petitioner asserted that because he received a sentence of less than one year, "the offense was reduced to a misdemeanor offense" from a Class E felony and that the judgment should be corrected to reflect a misdemeanor conviction. The trial court denied the motion, and this court dismissed the appeal.

The Petitioner subsequently filed a motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure. The trial court denied the motion, finding that the Petitioner's conviction "was not reduced to a misdemeanor but instead he clearly entered a guilty plea to a felony." On appeal, this court reversed the trial court's dismissal of the Petitioner's motion upon concluding that the Petitioner made a colorable claim that his sentence was illegal. See Travis Davison v. State, No. W2013-02048-CCA-R3-CO, 2014 WL 4243744, at *2-3 (Tenn. Crim. App. Aug. 27, 2014). Accordingly, this court remanded the case to the trial court for the appointment of counsel and an evidentiary hearing. Id. at *3.

On remand, the trial court appointed counsel to represent the Petitioner, and an evidentiary hearing was held on February 5, 2015. During the hearing, the Petitioner testified that pursuant to the plea agreement, he was to receive a misdemeanor conviction and a sentence of eighty-five days with time served. He stated that he did not review the plea agreement closely when he signed it. He said the notation on the judgment representing the conviction as a felony was a clerical error. He also said that the provision of a misdemeanor conviction was a material component of his plea agreement.

On cross-examination, the Petitioner acknowledged that trial counsel reviewed the plea agreement with him and that the Petitioner signed the plea agreement. He acknowledged that during the plea hearing, it was announced to him on multiple occasions that he was entering a plea to a felony offense.

On redirect examination, the Petitioner testified that during the plea hearing, he did not understand what was occurring. In response to questioning by the trial court, the Petitioner testified that during the plea hearing, the court informed him that he was pleading guilty to a felony offense and that he informed the court that he understood.

The trial court denied the Petitioner's motion at the conclusion of the hearing. The trial court found that the Petitioner pleaded guilty to a felony offense and not a misdemeanor offense. The court also found that a Class E felony can be pled to a sentence of less than one year pursuant to Tennessee Code Annotated section 40-35-211. This appeal followed.

# ANALYSIS

The Tennessee Rules of Criminal Procedure were amended effective July 1, 2013, with the addition of Rule 36.1, which provides as follows:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

(2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of

the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

(d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1.

The Petitioner contends that he entered a plea to a Class C felony and that as a result, his eighty-five day sentence is illegal. The Petitioner relies upon the prosecutor's statement during the guilty plea hearing that the Petitioner was "pleading guilty to the first count of the indictment to unlawful possession of a controlled substance with intent to sell, to wit marijuana, a Class C felony." The Petitioner, however, failed to raise this issue in his motion to correct an illegal sentence or during the evidentiary hearing. Therefore, this issue is waived. See State v. Johnson, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996) ("Issues raised for the first time on appeal are considered waived.").

The Petitioner next contends that the judgment includes a clerical error in that it provides that he was convicted of a Class E felony rather than a Class A misdemeanor. The transcript of the plea hearing establishes that the Petitioner pleaded guilty to a felony offense. During the plea colloquy, the trial court informed the Petitioner that he was pleading guilty to a felony drug offense, and the Petitioner stated that he understood.

The Petitioner relies upon his sentence of eighty-five days to support his claim that he entered a plea to a misdemeanor offense. The minimum punishment of imprisonment for a Class E felony is one year. T.C.A. § 40-35-112(a)(5). Tennessee Code Annotated section 40-35-211(2), however, provides:

If the minimum punishment for any offense is imprisonment in the penitentiary for one (1) year, but in the opinion of the court the offense merits a lesser punishment, the defendant may be sentenced to the local jail or workhouse for any period less than one (1) year, except as otherwise provided.

Pursuant to this statute, the Petitioner's time-served sentence of eighty-five days for a Class E felony conviction is not illegal. The Petitioner is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion

when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge.  See Tenn. Crim. App. R. 20.  We conclude that this case satisfies the criteria of Rule 20.  The judgment of the trial court, therefore, is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. MCMULLEN, JUDGE